WEIDMANN SILK DYEING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27810. Promulgated January 6, 1930.

*James C. Peacock, Esq.*, and *C. E. Koss, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, and *E. C. Lowery, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner is questioning the correctness of the deficiency of $13,474.25 in income tax found against it for the year 1922 on the ground that the respondent erred in refusing to determine its liability on the basis of a consolidated return.

The petitioner and the Lehigh Silk Dyeing Co., New Jersey and Pennsylvania corporations, respectively, filed a consolidated return of their income for the year 1922, during which the former owned all of the capital stock of the latter. The Arena Trading Corporation, a Delaware corporation, found by respondent to be also affiliated with petitioner and the Lehigh Silk Dyeing Co., filed a separate return of its income for the year 1922. In the light of these facts the respondent determined petitioner's tax liability on the basis of its separate income and in his notice of deficiency he stated his reasons for so doing in the following language:

Consolidated return filed included the operations of the Weidmann Silk Dyeing Company and the Lehigh Silk Dyeing Company but the income of the Arena Trading Company, the parent company of the affiliated group, was reported in a separate individual return. You are advised that a group of corporations affiliated within the meaning of Section 240(b) of the Revenue Act of 1921 must for any taxable year beginning on or after January 1, 1922, either elect to file one consolidated return for the entire group or file individual returns for each corporation. The tax liability of the Weidmann Silk Dyeing Company, is therefore, computed on the income of the company taken as a separate entity, for the reason that the Arena Trading Company having elected to file on a separate basis, individual returns should likewise have been filed by the other companies in the affiliated group.

No evidence was offered that the Arena Co. was not affiliated with petitioner and the Lehigh Silk Dyeing Co., as determined by the respondent.

The issue involved here is controlled by *Southern Power Co. et al.*, 17 B. T. A. 962, wherein we held that where one of several corporations which were affiliated elected to file a separate return, other members of the group of affiliated corporations may not file a consolidated return of their income. Following that decision, the respondent's action is affirmed.

*Decision will be entered for the respondent.*